Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS M. BEATTIE,<br><br>       Petitioner,<br><br>vs.<br><br>JOE D. SCHMIDT,<br><br>       Respondent. | Case No. 3:11-cv-0232-TMB<br><br>RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

       Thomas Beattie has filed an amended petition for writ of habeas corpus challenging on double jeopardy grounds his conviction in state court of felony driving under the influence. *See Brief in Support of Amended 18 U.S.C. § 2254 Petition* (Document 10). This is Respondent Joe Schmidt's response to the amended petition, as directed by this court. *See Order Directing Service and Response* (Document 3).

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 1
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 1 of 14

Factual Background

Beattie's amended petition contains a brief description of the underlying facts relating to the state court proceeding. *See Amended Petition,* at 1-4. That description is highly misleading because it omits facts crucial to the state courts' resolution of the double-jeopardy claim. A more accurate description of the facts is set forth below.

In January 2008, Thomas Beattie drove his truck into a neighbor's front yard and then staggered away when confronted by neighbors. [Tr. 68-72, 226-31][1] Testing later indicated that Beattie's blood-alcohol level exceeded the legal limit shortly after the incident. [Tr. 136 (admitting blood-test results)] As a result, Beattie was charged with, among other things, felony driving under the influence (DUI). *See Indictment*, attached as Exhibit B. At Beattie's request, the trial was bifurcated, with the prior-convictions element of the felony DUI offense to be tried only if the jury returned a guilty verdict on the other elements of the offense. *See Lognotes of Evidentiary Hearing on November 10, 2008*, attached as Exhibit C, at 1. *See also Request for Reconsideration of Court's Decision to Impanel a Second Jury*, attached as Exhibit D, at 1 n.1.

Superior Court Judge Eric Smith presided at Beattie's trial. Judge

---

[1] A copy of the complete transcript of the state trial court proceedings is attached hereto as Exhibit A. References to that transcript will be cited as "Tr. __."

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 2
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 2 of 14

Smith later noted for the record that he had asked the defense prior to trial whether Beattie would be requesting a jury trial on the second half of the trial— *i.e.*, on the prior-convictions element. [Tr. 315] According to Judge Smith, "the defense noted that they would let the Court know once the verdict came in." [*Id.*] Unfortunately, when that time came around, the defense did not let the Court know; instead, "everybody goofed." [Tr. 310]

As described by prosecutor Rick Allen, he and Beattie's attorney, Barrett Schultz, discussed the bifurcation process on January 8, 2009, the final day of the first phase of the trial. *See Request to Impanel Jury in Order to Complete Trial*, attached as Exhibit E, at 1, 5. Mr. Allen was left with the impression that, if found guilty in the first phase, Beattie intended to stipulate to the prior convictions. *See Exhibit E* at 2, 5. (This was a reasonable assumption given that the prior convictions were issued by the same court that was trying Beattie's current DUI offense, thus leaving little dispute as to their validity. *Id.* at 2. [Tr. 349-53]) In his later response to the state's request to convene a second jury, Mr. Schultz confirmed that, before the end of the first phase, he had told Mr. Allen that he "believed" Beattie would stipulate to the prior convictions, but he noted that this statement was made "off the record." *See Exhibit D*, at 4.

Later that same afternoon, the jury returned a guilty verdict on the DUI offense (except for the prior-convictions element which elevated the offense

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 3
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 3 of 14

to a felony). [Tr. 296] Before the verdict was received, Judge Smith discussed with the parties his intent to give the jurors a questionnaire for a sociological study being run by Purdue University. [Tr. 294-96] Neither attorney objected to the questionnaire, the use of which clearly presumed that the jury's service on Beattie's case would be concluded upon receipt of the verdict in the first phase of the trial. [*Id.*]

Once the verdict on the DUI offense (without the prior-convictions element) was received, the judge talked briefly with the jury, thanking them for their service and inviting them to "stick around" if they had questions for the judge. [Tr. 297-98] He then discharged them. [Tr. 298] At no point during this exchange did Beattie or his attorney speak up or object to the discharge of the jury. [Tr. 297-98] Thereafter, Judge Smith scheduled a felony sentencing hearing, ordered a presentence report, and dealt with bail issues. [Tr. 298] Again, neither Beattie nor his attorney objected, despite the obvious assumption on the part of the judge and prosecutor that Beattie had stipulated or intended to stipulate to the prior convictions. [Tr. 298-300] In fact, the order for a presentence report stated that Beattie had been found guilty of "Felony DUI." *See Order for Presentence Report*, attached as Exhibit F. Thereafter, a number of jurors talked with the attorneys, the investigators, and the judge about the case. [Tr. 302-03, 305] *See also Exhibit D*, at 3.

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 4

The following morning, the judge's staff called both attorneys to remind them that the stipulation to the prior convictions needed to be put on record and to set a hearing for 1:30 p.m. that afternoon to complete that task. *See Exhibit E*, at 2. According to Mr. Allen, Mr. Schultz "advised the Court that his client would be stipulating to his predicate priors and he would attend the 1:30 hearing for the purpose of formally putting the stipulation on the record." *See Exhibit E*, at 2, 5. Mr. Schultz admitted as much during the 1:30 hearing: "I contacted chambers and at that time, I indicated that I believed that there was going to be a stipulation." [Tr. 302] Mr. Schultz further conceded that, on the morning of January 9th—the morning *after* the jury was discharged—he believed that Beattie *would* stipulate to the prior convictions. [Tr. 303]

But when Mr. Schultz appeared at the 1:30 hearing, he informed the court that Beattie would not stipulate to the prior convictions. [Tr. 302] Mr. Schultz explained that, in the interim, he had spoken with a senior colleague in his office—a colleague who apparently recognized the possibility of exploiting the oversight. [Tr. 302] Mr. Schultz twice stated that it was during conversations with colleagues, not with Beattie, that he "realized" the problem. [Tr. 302-03] Mr. Schultz then argued that, because the jury had been discharged without obtaining a jury finding on the prior-convictions element, any further proceedings were barred by double jeopardy. [Tr. 302, 310] *See also Exhibit D*.

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 5
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 5 of 14

Given this history, Judge Smith took "full responsibility" for the error, although he remarked that "both attorneys" had also erred. [Tr. 323] The judge further noted that, but for the fact that he and the attorneys had spoken with the jurors after discharge, he would have reconvened the same jury and completed the second phase of the trial on January 9th. [Tr. 323] But that was no longer an option given the post-discharge interviews of the jurors. [Tr. 324] The judge concluded as follows:

> So anyway, as I said, my analysis is that we don't have a final verdict yet and since we don't have the final verdict yet, and since I could've reconvened the original jury had it not been for the taint, it is appropriate for me effectively to call a mistrial on the second half of the proceedings and to cure the problem by impaneling a new jury, so that's what I'm going to do.

[Tr. 325] A second jury was then impaneled. [Tr. 364] The second jury found the prior-convictions element of the DUI offense, thereby resulting in a conviction for felony DUI. [Tr. 364] *See also Amended Judgment*, attached as Exhibit G.

Beattie appealed his conviction to the Alaska Court of Appeals. *See Opinion*, attached as Exhibit H (published as *Beattie v. State*, 258 P.3d 888 (Alaska App. 2011)). On appeal, Beattie again raised the double-jeopardy issue, but the court of appeals rejected that claim. Citing cases from both federal and state courts, the court of appeals held that defendants "may relinquish their protection against double jeopardy when they have the clear opportunity to

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 6
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 6 of 14

object to the discharge of the original jury but fail to do so." *Beattie*, 258 P.3d at 890-91. After carefully reviewing the record, the court of appeals held that, by his and his attorney's conduct and failure to object when given the opportunity, Beattie had impliedly consented to the discharge of the jury and therefore could not assert double jeopardy principles to preclude the convening of a second jury to hear the prior-convictions portion of the bifurcated trial. *Id.* at 892.

Beattie filed a petition for hearing with the Alaska Supreme Court, requesting review of the court of appeals' double-jeopardy ruling. *See Petition for Hearing*, attached as Exhibit I. On October 24, 2011, the Alaska Supreme Court summarily denied Beattie's petition. *See Order: Petition for Hearing*, attached as Exhibit J.

Beattie filed his petition for federal habeas relief on November 30, 2011. *See Petition for Writ of Habeas Corpus* (Document 1). Following the appointment of counsel, Beattie (through appointed counsel) filed an amended petition, asserting a single claim for relief: that the convening of a second jury to resolve the prior-convictions portion of his bifurcated trial violated the protections against double jeopardy set forth in the Fifth Amendment of the federal constitution. *See Brief in Support of Amended 18 U.S.C. § 2254 Petition* (Document 10) ("Amended Petition").

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 7
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 7 of 14

Respondent's Response to Amended Petition

Beattie claims that the state trial judge violated the constitutional protection against double jeopardy by convening a second jury to hear the balance of his bifurcated trial after the premature dismissal of the first jury. The respondent concedes that Beattie has exhausted his available state court remedies with respect to this claim and that his petition is timely. But Beattie's petition cannot succeed under 28 U.S.C. § 2254 because, as explained below, the state court's decision was not (1) contrary to or an unreasonable application of clearly established federal law or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

The respondent asks that this court promptly set a briefing schedule to allow the parties to brief these issues. The respondent believes that no evidentiary hearing will be required, nor would such a hearing be appropriate under 28 U.S.C. § 2254(e).

   1. *The state court's double-jeopardy ruling was not contrary to or an unreasonable application of clearly established federal law.*

The prohibition against double jeopardy protects a defendant from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct.

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 8

2072, 2076 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989)). Jeopardy attaches as soon as the jury is impaneled and sworn or, in a bench trial, when the presentation of evidence begins. *See Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062 (1975). Once jeopardy has attached, the defendant has a "valued right to have his trial completed by a particular tribunal." *Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829 (1978) (quoting *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 557 (1971)). When a mistrial is declared after jeopardy has attached, a defendant may be retried only if he requested or consented to the mistrial or the court finds that there was a manifest necessity for the mistrial. *See United States v. Dinitz*, 424 U.S. 600, 606-07, 96 S.Ct. 1075, 1079-80 (1976).

Here, the crucial issue is whether Beattie consented to the discharge of the jury, thereby permitting a second jury to be convened to try the prior-convictions element of the felony DUI offense. The state court found that, while there was no express consent, Beattie impliedly consented by failing to object to the discharge when he had a clear opportunity to do so. *See Beattie v. State*, 258 P.3d 888, 890-91 (Alaska App. 2011). The legal principle applied by the state court—*i.e.*, recognizing implied consent based on a defendant's failure to object despite an adequate opportunity to do so—is neither contrary to nor an unreasonable application of clearly established federal law.

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 9

There is no Supreme Court decision directly addressing the validity of implied consent to a mistrial or premature dismissal of a jury. This alone precludes this court from finding that the state court's ruling was contrary to or an unreasonable application of clearly established federal law. *See Moses v. Payne*, 555 F.3d 742, 751-54 (9th Cir. 2009) (holding that the federal court must defer to a state court decision when a Supreme Court decision does not "squarely address" the issue in the case or establish a legal principle that "clearly extends" to a new context).

Moreover, the vast majority of federal circuit courts agree with the state court that consent may be implied when a defendant had an adequate opportunity to object to the dismissal of the jury or declaration of mistrial and failed to do so. *See United States v. Ham*, 58 F.3d 78, 83-84 (4th Cir. 1995) (defendant's "consent may be implied from his failure to object to the district court's dismissal of the jury"). *See also United States v. DiPietro*, 936 F.2d 6, 9-10 (1st Cir. 1991) (noting that "consent to a mistrial may be inferred from silence where a defendant had the opportunity to object and failed to do so"); *United States v. Goldstein*, 479 F.2d 1061, 1067 (2d Cir. 1973) (same); *Love v. Morton*, 112 F.3d 131, 138 (3rd Cir. 1997) (same); *United States v. Nichols*, 977 F.2d 972, 975 (5th Cir. 1992) (same); *United States v. Gantley*, 172 F.3d 422, 428-29 (6th Cir. 1999) (same); *Camden v. Circuit Court of the Second Judicial Circuit,*

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 10
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 10 of 14

*Crawford County, Illinois*, 892 F.2d 610, 614-15 (7th Cir. 1989) (same); *United States v. Smith*, 621 F.2d 350, 352 (9th Cir. 1980) (same); *United States v. Puleo*, 817 F.2d 702, 705 (11th Cir. 1987) (same).

Given the lack of Supreme Court precedent to the contrary and the nearly unanimous federal case law consistent with the state court's ruling, Beattie cannot establish that the state court's ruling is contrary to or an unreasonable application of clearly established federal law.

> 2. *The state court's decision does not rest on an unreasonable determination of the facts.*

The alternative ground for federal habeas relief—*i.e.*, that the state court's factual determinations were unreasonable in light of the evidence presented in the state court proceeding—is similarly unavailable to Beattie. "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). "Even if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood*, 130 S.Ct. at 849 (quoting *Rice v. Collins*, 546 U.S. 333, 341-42, 126 S.Ct. 969, 976 (2006) (alterations in *Wood*)).

Here, the state court found that Beattie had ample opportunity to object to the discharge of the jury before the jurors were irrevocably tainted by

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 11
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 11 of 14

speaking with the judge and parties. *Beattie*, 258 P.3d at 892. The court further found that Beattie's "acquiescence and his participation in the post-discharge discussions" established that he had impliedly consented to the discharge of the original jury. *Id.* Given the evidence presented in the state court proceeding, these findings were not unreasonable.

First, Judge Smith asked the defense before trial whether Beattie would be requesting a jury trial on the prior-convictions element. [Tr. 315] In response, the defense (presumably Mr. Schultz) told the judge that "they would let the Court know once the verdict came in." [*Id.*] This would lead most judges to expect the defense to raise the issue at the appropriate time if there was a problem—as, for example, if the judge moved to discharge the jury prematurely.

Second, Mr. Shultz led the prosecutor, Mr. Allen, to believe that Beattie would stipulate to the prior convictions. [R. 116, 118-19, 123] This fact would lead most prosecutors to expect Mr. Shultz to speak up when the jury was discharged if, in fact, Beattie intended to demand a jury trial on the prior convictions.

Third, Mr. Shultz did not object when the judge scheduled a felony sentencing hearing and ordered the preparation of a presentence report, even though those actions expressly assumed the existence of a felony conviction. [Tr. 298] *See Exhibit F.* This happened immediately after the jury was discharged

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 12
Case 3:11-cv-00232-TMB-DMS Document 14 Filed 02/22/12 Page 12 of 14

and before any of the parties or the judge had met with the jurors. [*Id.*] If Mr. Shultz had objected immediately to the sentencing order, the situation could still have been remedied: the same jury could have been reconvened the following day, and the trial could have been completed.

Fourth, Mr. Shultz essentially admitted that this was not a situation in which Beattie had wanted a jury trial but that fact was inadvertently not conveyed to the judge before the jury was discharged. Instead, he admitted that until the morning of January 9th—the day after the jury was discharged—Beattie intended to stipulate to the prior convictions. [Tr. 302-03] In fact, on the morning *after* the jury was discharged, Mr. Shultz told the judge's chambers that he believed Beattie would stipulate to the convictions. [R. 119, 123; Tr. 302] This belief changed not as the result of discussions between Mr. Shultz and Beattie, but between Mr. Shultz and his more senior colleagues at the Public Defender Agency. [*Id.*] In effect, Mr. Shultz was trying to take advantage of the situation and use the double jeopardy clause as a sword, a practice of which the Supreme Court has clearly disapproved. *See, e.g.*, *Ohio v. Johnson*, 467 U.S. 493, 502, 104 S.Ct. 2536, 2542 (1984) (defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing the prosecution on the remaining charges").

From this evidence, it was reasonable for the state court to find that

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 13
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 13 of 14

Beattie impliedly consented to the discharge of the jury, thereby eliminating any potential double jeopardy problem when the trial judge convened a second jury to resolve the prior-convictions issue.

## Conclusion

For the foregoing reasons, Beattie's amended petition for writ of habeas corpus should be denied. As noted earlier, the respondent asks that this court promptly set a briefing schedule. No evidentiary hearing will be necessary.

DATED this 22nd day of February, 2012.

MICHAEL C. GERAGHTY
ATTORNEY GENERAL

s/ Diane L. Wendlandt
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   Email: diane.wendlandt@alaska.gov

**Certificate of Service**

I certify that on February 22, 2012, a copy of the foregoing Response to Amended Petition for Writ of Habeas Corpus and Exhibits A-J were served electronically on Linda A. Webb.

s/ Diane L. Wendlandt

*Thomas M. Beattie v. Joe D. Schmidt*, No. 3:11-cv-0232-TMB
Page 14
Case 3:11-cv-00232-TMB-DMS   Document 14   Filed 02/22/12   Page 14 of 14